THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERRA FITZHUGH,<br><br>                      Plaintiff,<br><br>       v.<br><br>CAROLYN COLVIN,<br><br>                      Defendant. | CASE NO. C13-1886-JCC<br><br>ORDER AFFIRMING THE COMMISSIONER |

The Court, having reviewed Plaintiff's Complaint (Dkt. No. 3), the Report and Recommendation of the Honorable John L. Weinberg, United States Magistrate Judge (Dkt. No. 18), Plaintiff's Objections to the Report and Recommendation (Dkt. No. 19), Defendant's Response to Plaintiff's Objections (Dkt. No. 20), and the remainder of the record, does hereby ADOPT the Report and Recommendation (Dkt. No. 18) and AFFIRM the decision of the Commissioner.

I.      BACKGROUND

On August 6, 2012, an Administrative Law Judge (ALJ) found Plaintiff to have "the residual functional capacity to perform light work," and her claims of disability not credible. (*See* Report and Recommendation, Dkt. No. 18 at 2.) Plaintiff's request for review of the ALJ's

decision was denied by the Appeals Council. (*Id.* at 3.) Plaintiff appealed the decision of the Commissioner and her case was referred to a United States Magistrate Judge. (*Id.*) Plaintiff claims that her mental impairments, principally social phobia, as well as a personality disorder, are a "severe" limitation on her ability to perform basic mental work activities, and that the ALJ and U.S. Magistrate Judge have erred in their findings to the contrary. (Plaintiff's Objections to the Report and Recommendation, Dkt. No. 19.) Plaintiff raises two objections to the Report and Recommendation affirming the Commissioner's decision. (*Id.*)

## II. DISCUSSION

### A. Standard of Review

Upon objection to a magistrate's report and recommendation, district courts are required to review the Commissioner's decision *de novo*. 28 U.S.C. § 636(b)(1).

However, a court may set aside the Commissioner's denial of social security benefits only when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (The "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). *See also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). It is "more than a scintilla, but less than a preponderance." *Smolen*, 80 F.3d at 1279. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews*, 53 F.3d at 1039. When "the evidence is susceptible to

more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

### B. Opinion of Plaintiff's Mental Health Counselor

Plaintiff's first objection to the Report and Recommendation is that the ALJ erred by allegedly not giving a reason for rejecting the opinion of Plaintiff's mental health counselor, Brenda Chevalier, LMHC. (Plaintiff's Objections to the Report and Recommendation, Dkt. No. 19 at 3.) Ms. Chevalier authored an October 2010 report that stated Plaintiff "would be capable of sustaining a job or work-related activities in a quiet, low key work environment." (*Id.* at 4.) Ms. Fitzhugh contends that the jobs identified by the ALJ, namely, cashier and solicitor, do not qualify as "quiet, low key" jobs to which Ms. Chevalier apparently thinks Ms. Fitzhugh best suited. (*Id.* at 8.) Ms. Fitzhugh contends that the ALJ erred by allegedly not giving specific reasons for discounting this incongruity. (*Id.*)

Plaintiff's allegations are insufficient grounds for this Court to reject the ALJ's decision, for two reasons.

First, as the Magistrate Judge correctly found, licensed mental health counselors are not "accepted medical sources," evidence from whom may establish a medically determinable impairment. 20 C.F.R. §§404.1513(a); 416.913(a). As such, Ms. Chevalier's diagnoses are insufficient to establish a mental impairment for which the ALJ must give specific reasons when rejecting. That the opinions of non-accepted medical sources *may* be considered and given weight, *see* Plaintiff's Objections to the Report and Recommendation, Dkt. No. 19 at 6, does not mean that they *must be*. For the ALJ not to have treated the report of Ms. Fitzhugh's therapist as conclusive establishment of mental impairment is therefore not, as Plaintiff implies, *see* Plaintiff's Objections to the Report and Recommendation, Dkt. No. 19 at 7, a legal error.

Second, even if the ALJ had accepted Ms. Chevalier's report as evidence of social phobia disorder, or found conclusive her opinion regarding the severity and functional effects of her symptoms, he would still have had "substantial evidence" to conclude that Plaintiff was able to perform gainful activity and did not have a severe mental impairment.  Given the governing law discussed in Section II(A), *supra,* this Court must affirm the decision of the ALJ unless the ALJ made a legal error or made a decision that was not supported by substantial evidence in the record as a whole.

In the present case, there is substantial evidence in the record that supports a finding that even if, *arguendo*, Plaintiff had social phobia, she could still function in a workplace environment.  For instance, Plaintiff's friend, Katherine Mooney, states that Plaintiff can walk, drive a car, and go shopping.  (R. 258.)  She does not like to go outside nor be around people who are not close friends and family, but she will go out and interact if she absolutely has to.  (*Id.*)  Further, Ms. Mooney states that Plaintiff can follow simple written instructions, likes routine, and enjoys reading, writing, and being on the internet, all interests and abilities that could be of use to Ms. Fitzhugh in a position as a telemarketer, and many other jobs.  (*Id.* at 263.)  Although this Court is sympathetic to the challenges that Ms. Fitzhugh faces in terms of interacting, it does not appear that she is incapable of being in the public situations that might be necessitated in the ALJ-identified jobs of telemarketing and cashiering.  Thus, Ms. Mooney's statement provides "substantial evidence" that any social phobia from which Plaintiff regretfully suffers does not rise to the level of being "severe" such that she properly may be deemed unable to work.  Given that, when the record is viewed as a whole, there is substantial evidence to support the ALJ's conclusions, Ms. Chevalier's report notwithstanding, this Court must affirm the decision of the ALJ and adopt the Magistrate Judge's recommendation on this point.

### C. Opinion of Plaintiff's Friend

Plaintiff's second objection to the Report and Recommendation is that the ALJ erred by allegedly not giving sufficient reasons for allegedly discounting the letter from Plaintiff's friend, Katherine Mooney. (Plaintiff's Objections to the Report and Recommendation, Dkt. No. 19 at 8.) Ms. Mooney's report indicated that Plaintiff only goes outside "when she absolutely had to," has difficulty paying attention for more than five minutes, and also does not do well with spoken instructions nor with stress. (R. at 260-63.) Plaintiff complains that the ALJ found this letter "credible," but did not find that this meant she had a "severe mental impairment," despite Plaintiff's argument that Ms. Mooney's report compels this conclusion. Plaintiff therefore states that the ALJ was required to, but did not, give specific reasons for "rejecting" this testimony. (*Id.* at 9.)

However, Plaintiff misconstrues what the ALJ likely meant by "credible." In employing this word, the ALJ was not endorsing Plaintiff's claims as to the necessary conclusion of this report, but rather the descriptions of Plaintiff's behavior contained in the report. As stated in Section II(A), *supra*, this Court may reject the decisions of an ALJ only for errors of law or for a failure to base the decision on substantial evidence. And as explained in Section II(B), *supra,* with regard to the totality of the evidence on the record, the ALJ could have found, based on substantial evidence, that Ms. Mooney's observations were *both* credible yet still insufficient to establish Ms. Fitzhugh as "severely mentally impaired." For instance, Ms. Mooney's report also referenced Plaintiff's ability to shop and read and surf the internet, and her statement that Plaintiff does not go out unless she absolutely must does not compel the conclusion that Plaintiff would be incapable of "going out" to work, if the location and manner of her employment was such that she was compelled to do so.

ORDER AFFIRMING THE COMMISSIONER
PAGE - 5

Further, this Court is persuaded that the Magistrate Judge's analogizing to *Valentine v. Commissioner of the Social Secuirty Administration,* 574 F.3d 685 (9th Cir. 2009) was on point. In *Valentine*, the Ninth Circuit held that the ALJ was not compelled to reiterate reasons for rejecting averments of third parties when these averments were completely duplicitous of the plaintiff's averments, and when the ALJ had, as here, already spent considerable effort in providing reasons for rejecting the plaintiff's averments. *Id.* at 694. The distinctions that Plaintiff attempts to make between her case and *Valentine* do not go to the main point: that duplicitous evidence does not require an individualized, and hence duplicitous response, by the ALJ.

## III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

(1) The Court ADOPTS the Report and Recommendation (Dkt. No. 18);

(2) The Court AFFIRMS the decision of the Commissioner; and

(3) The Clerk shall direct copies of this Order to all counsel and to Judge Weinberg.

DATED this 7th day of October 2014.

John C. Coughenour
UNITED STATES DISTRICT JUDGE